**MANUFACTURED HOME PARKS: FIRE CODE:** Fire code road width requirements may be applied to existing park where hazard to life or property exists.

238i
(Cr. Ref. 59a, 197)

February 23, 1996

Brian D. Neugebauer
Moorhead City Attorney
Ohnstad Twichell, PC
First National Bank ND Building
901 - 13th Avenue East
PO Box 458
West Fargo, ND 58078-0458

Dear Mr. Neugebauer:

In your letter to Attorney General Hubert H. Humphrey III you set forth substantially the following:

## FACTS

The City of Moorhead's Fire Chief has determined that a certain manufactured home park's failure to have twenty foot fire lanes constitutes a "distinct hazard to life or property." In view of that determination, the City of Moorhead would like to require the owner of the manufactured home park to comply with the Uniform Fire Code which provides, in relevant part:

> [f]ire apparatus access roads shall have an unobstructed width of not less than 20 feet. . . .

Uniform Fire Code § 10.204(a) (1991) (emphasis added).

You indicate that, since Minn. Stat. § 327.20, subd. 1(3) (1994) requires the "drive" to be at least sixteen feet in width, you believe a conflict exists between section 10.204(a) of the Uniform Fire Code and Minn. Stat. § 327.20, subd. 1(3). You also point out that Minn. Stat. § 462.357 was amended in 1994 to add subdivision 1a, which provides:

> Subd. 1a. **Certain zoning ordinances.** A municipality must not enact, amend, or enforce a zoning ordinance that has the effect of altering the existing density, lot-size requirements, or manufactured home setback requirements in any manufactured home park constructed before January 1, 1995, if the manufactured home park, when constructed, complied with the then existing density, lot-size and setback requirements.

(Emphasis added).

You ask us to assume that the park in question complied with the "relevant regulations" at the time it was established.

You then ask substantially the following:

## QUESTION ONE

May the fire lane requirements of the fire code be applied to an existing manufactured home park where noncompliance therewith has been determined to constitute a distinct hazard to life and property?

## OPINION

We answer your question in the affirmative. Minn. Stat. § 299F.011 (1994) provides, in

relevant part:

> Subdivision 1. **Authority.** The commissioner of public safety through the division of fire marshal may promulgate a uniform fire code and make amendments thereto in accordance with the administrative procedure act in chapter 14. The code and its amendments shall conform insofar as practicable to model fire codes generally accepted and in use throughout the United States, with consideration given to existing statewide specialty codes presently in use in the state of Minnesota.

> \* \* \*

> Subd. 4. **Applicability; local authority.** The uniform fire code shall be applicable throughout the state and in all political subdivisions and municipalities therein. However, nothing in this subdivision shall prohibit a local unit of government otherwise authorized by law from adopting or enforcing any ordinance or regulation which specifies requirements equal to, in addition to, or more stringent than the requirements of the uniform fire code. Any ordinance or regulation adopted by a local unit which differs from the uniform fire code must be directly related to the safeguarding of life and property from the hazards of fire, must be uniform for each class or kind of building covered, and may not exceed the applicable requirements of the uniform building code adopted pursuant to sections 16B.59 to 16B.73.

Minn. R. 7510.3310 (1993) provides:

> The Uniform Fire Code, as promulgated by the International Conference of Building Officials, and the Western Fire Chiefs Association (Whittier, California, 1991) is incorporated by reference and made a part of Minnesota Rules pursuant to statutory authority, subject to the alterations and amendments in parts 7510.3290 to 7510.3480.

Uniform Fire Code Part I, Art. 1, sec. 1.103(b) provides: "The provisions of this code shall apply to . . . conditions which, in the opinion of the chief, constitute a distinct hazard to life or property." Therefore, it seems clear that, absent statutory authority to the contrary, the 20 foot road requirement may be imposed upon an existing manufactured home park if the fire chief determines lack of such roads presents a distinct hazard.

In our view there does not appear to be a direct conflict between Minn. Stat. § 327.20 and the 20 foot road width requirement of the fire code. Minn. Stat. § 327.20, subd. 1(3) (1994) requires manufactured home parks licensed pursuant to Minn. Stat. §§ 327.10, 327.11, 327.14 to 327.28 to provide that:

> Each individual site shall abut or face on a driveway or clear unoccupied space of not less than 16 feet in width, which space shall have unobstructed access to a public highway or alley.

(Emphasis added.)

It is our opinion that Minn. Stat. § 327.20, subd. 1(3) (1994) does not refer necessarily to fire apparatus access roads. Rather, it specifically refers to "driveways" or "clear unoccupied space" that are required to "abut or face" "each individual site." Such driveway or open space might or might not also be an emergency vehicle access road. Even if this language might be construed to apply also to access roads, however, it merely indicates that the "unoccupied space" width shall in no event be less than sixteen feet. That language does not rule out the possibility that a road width of greater than sixteen feet might be required in certain circumstances. Indeed, section 327.20 itself appears to specifically address that possibility. The extent that section 327.20 specifically addresses park roads, it does so in subdivision 3 which provides:

> Subd. 3. Streets and roadways. A manufactured home park owner shall maintain streets and roadways in the park so as to permit passage of emergency vehicles and normal resident travel.[1]

---

1. This subdivision was added to the section in 1979. See Minn. Laws 1979 ch. 264, § 31.

Certainly there would appear no necessary inconsistency between that language and the fire code requirement, especially in view of the determination that failure to comply with the fire code road width requirement presents a distinct hazard to life and property. For these reasons we do not find a conflict between the terms of Minn. Stat. § 327.20 and application of the fire code road width requirement in the circumstances you present.

Nor do we believe that the language of section 462.357, subdivision 1a precludes application of the road width provisions of the fire code in these circumstances. As you note, the road width requirement derives from the uniform fire code promulgated pursuant to Minn. Stat. § 299F.011 and, perhaps as well from Minn. Stat. § 327.20, subd. 3 (quoted above). It is not a local requirement imposed by a municipal zoning ordinance enacted pursuant to Minn. Stat. § 462.357. Thus, the restrictions imposed by section 462.357, subdivision 1a have no application in these circumstances.

Furthermore, application of the code requirements in the described circumstances would not appear to constitute an impermissible retroactive application of the code. See, e.g., Alderman's, Inc. v. Shanks, 515 N.W.2d 97 (Minn. App. 1994) affirmed in part, reversed in part 536 N.W.2d 4 (Minn. 1995).

For the foregoing reasons, it is our view that the City is not precluded from enforcing section 10.204(a) of the fire code in the circumstances described.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General